IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMBROSE MORAGA,

    Plaintiff,

vs.                                                                                  Civ. No. 97-890 BB\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed April 22, 1998. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to musculoskeletal problems. He also claims to suffer from headaches.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

  4. Plaintiff raises the following allegation of error with respect to the ALJ's decision: the ALJ did not support with substantial evidence his determination that Plaintiff has a residual functional capacity (RFC) for light work. Light work requires an ability to lift no more than 20 pounds with frequent lifting or carrying of items weighing no more than 10 pounds. Soc. Sec. Ruling 83-10. Light work also requires standing or walking a total of 6 hours out of an 8 hour work day. **Id**.

  5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. **Id**. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. **Id**. (citations omitted). The first four steps of the sequential evaluation process are not at issue in this case. At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do work in the national economy other than past relevant work. **Id**. at 1487 (citations omitted).

  6. The ALJ, in this case, based his RFC determination on Exhibits 14, 24, and 25. Tr. 15. Exhibit 14 is a Social Security Disability Report. Tr. 51-58. That report does not contain any information regarding the Plaintiff's ability to sit, walk, stand, lift, and carry, activities which define one's RFC. Exhibit 24 is a medical evaluation by Dr. Hamilton which contains an RFC assessment. Dr. Hamilton found the following: Plaintiff can occasionally lift 15 pounds and

frequently lift 5 pounds; Plaintiff can stand or walk 4 hours out of an 8 hour day; and Plaintiff can sit 4 hours out of an 8 hour day. Tr. 109-10. These lifting, standing, and walking assessments clearly do not meet those required for light work.[1] Exhibit 25 is a report by Dr. Altman. He concluded that the Plaintiff "is incapable of doing heavy, laborious or even moderately laborious work." Tr. 116. This statement does not specify whether the Plaintiff meets the Social Security definition for light work. No other evidence in the record indicates that the Plaintiff has the physical abilities to perform light work. **See** Tr. 67-68 (functional assessment by chiropractor); Tr. 74-75 (conditionally valid functional assessment based on ability to work a five hour work day). I, therefore, conclude that the ALJ's RFC determination is not supported by substantial evidence and that this matter should be remanded to the Commissioner.

## Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing. I also recommend remanding this matter to the Commissioner so that he can make a proper RFC determination. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day

---

[1] Although the ALJ based his RFC determination on Dr. Hamilton's report, he also discredited her RFC assessment at another point in his decision as being based on the Plaintiff's subjective statements. Tr. 15. During Dr. Hamilton's examination, the Plaintiff, however, was unable to quantify his ability to walk or stand, and stated that he could only lift 5 to 10 pounds. Tr. 104. Dr. Hamilton nonetheless quantified the Plaintiff's ability to walk or stand and found that the Plaintiff could lift more than 10 pounds. Tr. 109-10. Dr. Hamilton apparently did not rely on subjective statements. Accordingly, the ALJ's dismissal of Dr. Hamilton's assessment is not supported by substantial evidence.

period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE